590 P.2d 946

### In the Matter of the APPEAL IN NAVAJO COUNTY JUVENILE ACTION NO. J–3206.

### No. 1 CA–JUV 72.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 1, 1979.

408

Navajo Legal Aid & Defender Service by Patricia A. Hall and Cynthia H. Heller, Window Rock, for appellant.

Jay V. Flake, Navajo County Atty. by Thomas L. Wing, Deputy County Atty., Holbrook, for appellee.

OPINION

HAIRE, Judge.

This is an appeal from a trial court's adjudication of delinquency following its finding that the juvenile had committed an act of child molestation, A.R.S. § 13–653. The juvenile has perfected a timely appeal to this Court, raising serious questions regarding the admissibility of his confession, the sufficiency of the evidence to support the finding of child molestation, and potential acts of prosecutorial misconduct. The

county attorney has not responded to these issues, although this Court has already granted one motion for extension of time for his response that was made after the originally scheduled date for consideration of the appeal in this Court had passed.

In civil cases in which the appellant raises a debatable issue and the appellee makes no reply, this Court may in its discretion treat the lack of a response as a confession of error and reverse on that basis. *See Barrett v. Hiney,* 94 Ariz. 133, 382 P.2d 240 (1963); *Turf Irrigation & Waterworks Supply v. Mountain States Telephone & Telegraph Co.,* 24 Ariz.App. 537, 540 P.2d 156 (1975). This Court is more reluctant to apply the doctrine of confession of error in criminal and quasi-criminal cases,[1] because the interests at stake in criminal matters are broader than those in civil appeals and include the public's concern for a fair and effective functioning of the criminal justice system. Nevertheless, certain of these cases may require the application of an analogous, but more restrictive version of the confession of error doctrine.

We believe that in these circumstances it is appropriate to reverse a criminal or quasi-criminal appeal solely on the basis of the state's failure to respond unless this Court, in its discretion, believes that justice requires a decision on the merits. *See People v. Miller,* 29 Ill.App.3d 257, 330 N.E.2d 262 (1975). We have reviewed the record and appellant's memorandum in this appeal, and have concluded that in view of the serious and substantial questions raised by appellant, we may appropriately reverse this case without deciding the merits.

Reversed.

DONOFRIO and FROEB, JJ., concurring.

1. For the purpose of the questions involved in this appeal, we consider adjudications, dispositions and commitments in juvenile delinquency matters to be quasi-criminal in nature.