698 P.2d 223

**In the Matter of the Appeal In PIMA COUNTY JUVENILE ACTION NUMBER J–65812–1.**

No. 2 CA–CIV 5287.

Court of Appeals of Arizona, Division 2.

Jan. 29, 1985.

Review Denied March 19, 1985.

Fred Belman, Tucson, for appellant Minor Child.

Stephen D. Neely, Pima Co. Atty. by Clinton R. Stinson, Tucson, for appellee.

## OPINION

PER CURIAM.

This is an appeal from an order of the trial court transferring the appellant juvenile to adult court for prosecution for burglaries. The juvenile is currently 16½ years old. This court stayed the transfer pending this appeal.

In its minute entry, the trial court found that, in view of the seriousness of the

offenses (residential burglaries in which weapons were present), the fact that the offenses were premeditated, the juvenile's prior delinquent history, and the failure of past rehabilitative measures including residential treatment placement, transfer to the adult division of superior court for criminal prosecution was warranted.

In his memorandum in support of his notice of appeal, the juvenile makes four contentions: (1) the court did not give adequate weight to his "extreme youth"; (2) he has no history of violent offenses; (3) the court did not give adequate consideration to his drug problem; and (4) the court did not give due consideration to the possibility of a residential facility with a focus on drug counseling.

██ We first note that the juvenile is not extremely young. He was more than 16 years old at the time of the transfer. While he does not have a history of violent offenses, he has an extensive juvenile record, and the instant offenses included the use of weapons. He has been afforded numerous previous rehabilitation efforts. The mere fact that he may have a drug problem does not entitle him to another rehabilitative attempt, and the court was justified in concluding that he was not amenable to treatment as a juvenile. The court's finding was clearly not an abuse of discretion. See *Pima County Juvenile Action No. J–218–1*, 22 Ariz.App. 327, 527 P.2d 104 (1974). Because it is clear from the record before us that no abuse of discretion exists, it was unnecessary for this court to order a transcript of the transfer hearing. This points up a flaw in the handling of the case by the Pima County Attorney's office which merits our comment, since the repetition of such a flaw might well lead to a finding of fundamental error and reversal.

██ The county attorney never filed a response to the notice of appeal. New counsel was substituted for the appellant juvenile and a stipulation was entered into between the county attorney and new counsel, allowing new counsel 30 days from the time a transcript would be prepared to file a supplemental memorandum on behalf of the juvenile, and allowing the county attorney 15 days from the receipt of the juvenile's supplemental memorandum to file a response thereto. However, no supplemental briefs or memoranda may be filed except by court order. Rule 27(a)(3), Rules of Procedure for Juvenile Court, 17A A.R.S. This court will order the preparation of a transcript and allow supplemental memoranda to be filed if, after a preliminary review of the record before us, it appears that a transcript is necessary to decide factual issues. We have found that, even taking the facts in a light most favorable to the juvenile's contentions, the preparation of a transcript is unnecessary to find that the court did not abuse its discretion in ordering the transfer. However, in a civil case in which an appellant raises a debatable issue and the appellee makes no reply, we may, in our discretion, treat the lack of a response as a confession of error and reverse on that basis. *Turf Irrigation and Waterworks Supply v. Mountain States Telephone and Telegraph Co.*, 24 Ariz.App. 537, 540 P.2d 156 (1975). It is true that we are more reluctant to apply the doctrine of confession of error in criminal and quasi-criminal cases. However, the doctrine has been applied in such cases. Division One of this court in *Appeal in Navajo County Juvenile Action No. J–3206*, 121 Ariz. 407, 590 P.2d 946 (1979), stated:

> "We believe that in these circumstances it is appropriate to reverse a criminal or quasi-criminal appeal solely on the basis of the state's failure to respond unless this Court, in its discretion, believes that justice requires a decision on the merits. See *People v. Miller*, 29 Ill. App.3d 257, 330 N.E.2d 262 (1975). We have reviewed the record and appellant's memorandum in this appeal, and have concluded that in view of the serious and substantial questions raised by appellant, we may appropriately reverse this case without deciding the merits." 121 Ariz. at 408, 590 P.2d at 947.

**430**

Our review of the juvenile's memorandum shows that the issues raised are not debatable, and therefore the preparation of a transcript was not ordered. However, for the county attorney to rely on this court's treatment of the instant case and continue to fail to file timely responses to notices of appeal would be extremely presumptuous.

Affirmed.

BIRDSALL, C.J., and HATHAWAY and HOWARD, JJ., concur.