729 P.2d 918

**In the Matter of the APPEAL IN PINAL COUNTY, JUVENILE ACTION NO. S-389.**

**No. 2 CA–JV 011.**

Court of Appeals of Arizona, Division 2, Department B.

Aug. 15, 1986.

Review Denied Dec. 2, 1986.

Clemans & Brune by Michael J. Brune, Casa Grande, for appellant.

## OPINION

LACAGNINA, Judge.

This is an appeal from a trial court decision terminating the parent-child relationship between the appellant-mother and her

16–year-old daughter. Appellant raises two issues on appeal:

1. Whether the petition for termination of the parent-child relationship should have been denied where there was another appropriate judicial remedy, i.e., a guardianship; and

2. Whether the petition for termination of the parent-child relationship should have been denied because of the failure of the petitioners to attempt to reunite the parent and the child.

Appellant's daughter was born on January 30, 1970. From 1979 until January, 1985, she was in the physical custody of her maternal grandparents. In 1980, an Iowa court formally transferred the minor's custody to her maternal grandparents and, because the grandparents were planning to move to Sierra Vista, Arizona, the Iowa court ordered that the case be monitored by Iowa's social services department with assistance from the appropriate Arizona agencies. The minor moved with her grandparents to Sierra Vista in 1980, and the following year her grandfather died. In 1982, the Iowa court entered an order releasing the minor from its jurisdiction and closing the case. The minor continued to live with her grandmother until January, 1985. At that time, due to the grandmother's rapidly failing health and her lack of financial resources, she transferred physical care and custody of the minor to the appellant's sister and her husband, who reside in Kearny, Arizona. Appellant's sister is the petitioner in this case.

The petitioner and her husband filed a petition which requested that the court appoint them to be the minor's legal guardians. The guardianship matter is not on appeal. The petitioner also filed a petition for termination of the parent-child relationship of both of the minor's natural parents. The father was served by publication, never appeared in the case, was not represented by counsel, and is not a party to this appeal. Counsel was appointed to represent the appellant and, following an evidentiary hearing on the petition for termination on April 24, 1986, the court ordered termination of the parent-child relationship of both the appellant and the natural father. The court found that the appellant "is unable to provide parental guidance and assume responsibility of a parent due to mental disorder and there is reasonable grounds that this condition will continue based upon the evidence presented this date." Immediately following the evidentiary hearing and entry of the severance order, the court conducted the guardianship proceedings, considered the evidence that was heard in the severance case, and ordered that the petitioner and her husband be appointed as the guardians of the minor. Appellant timely filed a written notice of appeal pursuant to Rule 25, Rules of Procedure for the Juvenile Court, 17A A.R.S. However, neither the petitioner nor counsel appointed to represent the minor has filed a response to the notice of appeal.

In a civil case in which an appellant raises a debatable issue and the appellee makes no reply, we may, in our discretion, treat the lack of a response as a confession of error and reverse on that basis. *Appeal in Pima County Juvenile Action No. J–65812–1*, 144 Ariz. 428, 698 P.2d 223 (App.1985); *Appeal in Navajo County Juvenile Action No. J–3206*, 121 Ariz. 407, 590 P.2d 946 (App.1979). In juvenile delinquency cases, which have been specially characterized as "quasi-criminal" in nature, the doctrine of confession of error applies "unless the court, in its discretion, believes that justice requires a decision on the merits." *Appeal in Pima County Juvenile Action No. J–65812–1*, 144 Ariz. at 429, 698 P.2d at 224, quoting *Appeal in Navajo County Juvenile Action No. J–3206*, 121 Ariz. at 408, 590 P.2d at 947. Our review of the appellant's memorandum and of the record on appeal in this case shows that the issues raised are not debatable, and therefore the order of the juvenile court is affirmed. We take this opportunity, however, to point out to counsel that reliance on this court's treatment of the instant case in view of a failure to file timely responses to the notice of appeal is "extremely presumptuous." *See Appeal*

*in Pima County Juvenile Action No. J–65812–1,* 144 Ariz. at 430, 698 P.2d at 225.

■■■ The statute governing termination of the parent-child relationship is A.R.S. § 8–533. It states in relevant part:

B. Evidence sufficient to justify the termination of the parent-child relationship shall include any one of the following, and in considering any of the following grounds, the court may also consider the needs of the child:

\* \* \* \* \* \*

3. That the parent is unable to discharge the parental responsibilities because of mental illness, mental deficiency ... and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period.

Division One of this court has held that in order for a termination to occur under A.R.S. § 8–533(B)(3), three specific findings must exist:

1. That the parent is unable to discharge the parental responsibilities;

2. That this inability is the result of a mental illness or a mental deficiency;

3. That there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period.

*Matter of Appeal in Maricopa County Juvenile Actin No. JS–5209 and No. JS–4963,* 143 Ariz. 178, 184, 692 P.2d 1027, 1033 (App.1984). The court's findings must be based upon clear and convincing evidence. A.R.S. § 8–537(B). Appellant first argues that, because the appointment of a guardian would provide all relief appropriate in this case and would allay the minor's fears that she might be returned to appellant, the termination of the parent-child relationship was invalid. The language of A.R.S. § 8–538(B) answers appellant's argument. Under that statute, where grounds for termination are found to exist, termination is mandatory. Thus, as in this case, once a court is presented evidence sufficient to find grounds for termination under § 8–533(B)(3), the court has no discretion to deny the petition for termination.

■■■ Appellant also argues that the petitioners' failure to make efforts to reunite appellant and the minor somehow violated due process and the requirements of the termination statutes. . The expert witnesses who testified all concurred in the opinion that the minor would be at risk if she spent a significant amount of time with appellant in an unsupervised setting. The testimony regarding the minor's contact with appellant was that it upset the minor and, on more than one occasion, consisted of appellant's interference with the minor's school-related activities. Viewing the evidence in a light most favorable to appellant, there is no debatable issue because the evidence showed that any such efforts would have been futile.

Appellant underwent a court-ordered psychological evaluation in December, 1985. The psychologist, who had also evaluated appellant in 1982 in conjunction with the Iowa case, testified that appellant suffers from schizophrenia and that her condition had deteriorated since 1982. He also testified that the disorder included chronic paranoid schizophrenia of a residual type and that the terms chronic and residual implied a long-term condition "in which the psychotic symptoms are dramatic, unmistakable and completely disable—they render the person incapable of existing in the society in a way that is not dangerous to themself or others." He also testified at length regarding appellant's inability to discharge responsibilities as a parent due to the schizophrenic disorder. He acknowledged that a termination of the parent-child relationship would be emotionally stressful and painful for the minor but would also provide a source of relief and stability.

In conjunction with the guardianship petition, the Pinal County Juvenile and Conciliation Court staff had conducted interviews and prepared a report. The director of the conciliation court and a staff counselor who participated in the interviews testified in the severance case that they would not recommend that the minor return to appellant's custody, that unsupervised visitation with appellant created a

potential for harm to the minor, and that appellant was an unstable person. However, both of the conciliation court witnesses testified that termination of the parent-child relationship was not in the minor's best interest. The staff counselor also disagreed that appellant was unable to discharge her responsibilities as a parent but supported his conclusion only by the statement that:

> In my experience, I've worked with a number of schizophrenic adult persons who can be effective parents when they are under proper supervision of a medical person who can treat them.

Appellant testified on her behalf and, although much of her testimony consists of nonresponsive answers, she did acknowledge that she had physically abused her daughter while she was in her custody.

■ In its order severing the parent-child relationship, the trial court found by clear and convincing evidence that appellant was unable to provide parental guidance, necessities of life and support of the minor, and that she was unable to discharge her parental responsibilities because of mental illness and that there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period. Both conclusions are fully substantiated by the record. *See Appeal in Maricopa County Juvenile Action No. JS–5894*, 145 Ariz. 405, 408, 701 P.2d 1213, 1216 (App.1985). Furthermore, the evidence established that appellant does not acknowledge her need for treatment. Attempts to preserve or restore the long-abandoned family unit by measures in which appellant refuses to participate would be futile. *See Appeal in Maricopa County Juvenile Action Nos. JS–5209 and JS–4963*, 143 Ariz. 178, 692 P.2d 1027 (App. 1984). Under these circumstances, the trial court properly ordered a termination of the parent-child relationship. Affirmed.

LIVERMORE, P.J., and BIRDSALL, J., concur.