NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DAVID DENMON, *Plaintiff/Appellee*,

*v.*

ALLEN M. SAFARIAN, *Defendant/Appellant*.

No. 1 CA-CV 15-0222
FILED 2-4-2016

Appeal from the Superior Court in Maricopa County
No. CV2015-052060
The Honorable Brian S. Rees, Judge *Pro Tempore*

**VACATED**

COUNSEL

The Cordrey Law Firm PLC, Phoenix
By Michael E. Cordrey
*Counsel for Plaintiff/Appellee*

Dessaules Law Group, Phoenix
By Jonathan A. Dessaules, F. Robert Connely II
*Counsel for Defendant/Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Patricia A. Orozco joined.

**J O N E S**, Judge:

¶1        Allen Safarian appeals the trial court's order granting his neighbor, David Denmon, an injunction against harassment prohibiting contact with Denmon and construction workers rebuilding Denmon's house. For the following reasons, we vacate the order.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        Denmon hired construction workers to rebuild his home after it was destroyed by fire in April 2014. In January 2015, the workers began parking along the public street in front of Safarian's house. The workers informed Denmon that Safarian had verbally accosted and harassed them for doing so, and, in February 2015, Denmon filed a petition seeking an injunction against harassment. The trial court issued the injunction, which prohibited Safarian from contacting Denmon and obstructing the construction workers' activities, and it ordered Safarian to report any illegal parking to the proper authorities. Safarian requested a hearing, which was held in March 2015.

¶3        At the hearing, Denmon testified Safarian verbally accosted or harassed multiple workers and a city inspector in January and February 2015. One woman "in her late 60s, early 70s" was so upset from a confrontation that, according to Denmon, she was shaking and needed help carrying items into Denmon's house. Additionally, Denmon testified Safarian had put a garden hose on the street to prohibit anyone from parking in that area for the day.

¶4        One of the workers, Danny B., testified he parked in front of Safarian's house and was immediately confronted by Safarian. Safarian

---

[1]      We view the facts in the light most favorable to upholding the trial court's order. *Mahar v. Acuna*, 230 Ariz. 530, 531, ¶ 2 (App. 2012) (citing *IB Prop. Holdings, L.L.C. v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 63, ¶ 2 (App. 2011)).

began yelling and demanded Danny B. park elsewhere. Danny B. apologized and said he would move his car, but Safarian "continued . . . his tirade," and Danny B. apologized a second time. Safarian continued to yell at Danny B. despite additional apologies until Danny B. finally told Safarian to "shut up." Danny B. then moved his vehicle across the street. Even after Danny B. exited his vehicle, Safarian continued to yell at him. When Danny B. was asked if he felt threatened or harassed by Safarian, he said, "When I drove away that day, I was thinking I'm pleased that I didn't get too involved with him."

¶5        Denmon did not call any other witnesses. After he rested his case-in-chief, Safarian's counsel moved for directed verdict. The trial court denied the motion.

¶6        During his testimony, Safarian acknowledged he had asked various workers not to park in front of his house because it inhibited access and prevented him from receiving expected deliveries. However, he denied these requests were inappropriate or could be considered harassment. Safarian stated he did not want to "escalate the issue" by calling the police to report the violations.

¶7        The trial court affirmed the existing order, and Safarian timely appealed.[2] We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[3] and -2101(A)(5)(b). *See LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 8 (App. 2002) (holding an injunction against harassment is a final order from which an appeal is "explicitly permit[ted]" by what is now A.R.S. § 12-2101(A)(5)(b)).

## DISCUSSION

¶8        Safarian argues (1) Denmon did not present sufficient evidence of harassment for the trial court to order the injunction, and (2) the injunction is unconstitutionally vague and overbroad. We review orders granting injunctions for a clear abuse of discretion. *Id.* at ¶ 10 (citing *Ariz. Dep't of Pub. Safety v. Superior Court (Falcone)*, 190 Ariz. 490, 494 (App.

---

[2]        Denmon did not file an answering brief. Although this can be construed as a confession of error, in our discretion, we choose to address the merits of the appeal. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994) (citing *Pinal Cnty. Juv. Action No. S-389*, 151 Ariz. 564, 565 (App. 1986)).

[3]        Absent material changes from the relevant date, we cite a statute's current version.

1997)). A court abuses its discretion when it misapplies the law to undisputed facts. *Id.* (citing *Falcone*, 190 Ariz. at 494). We review the constitutionality of a statute *de novo* and "only if it is necessary to resolve the issue to decide the case." *City of Tempe v. Outdoor Sys., Inc.*, 201 Ariz. 106, 109, ¶ 7 (App. 2001) (citations omitted).

**¶9** As relevant here, an injunction against harassment may be issued only if the trial court "finds reasonable evidence of harassment *of the plaintiff* by the defendant during the year preceding the filing of the petition." A.R.S. § 12-1809(E) (emphasis added). Harassment is defined as "a series of acts over any period of time that is *directed at a specific person* and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose." A.R.S. § 12-1809(S) (emphasis added). Thus, the conduct for which the injunction against harassment issued must, of necessity, have been directed against the individual seeking the injunction. *See* A.R.S. § 12-1809(E), (S).

**¶10** Denmon conceded he had no direct contact with Safarian, and our review of the record reveals no evidence of any conduct by Safarian directed at Denmon. Although Denmon testified he felt "annoyed or harassed by Safarian's behavior," Safarian's actions were directed at the individuals parking in front of Safarian's house. *LaFaro*, 203 Ariz. at 486, ¶ 13 (concluding defendant's name-calling was not "directed at" the plaintiff where it was contained in a conversation with an unrelated third party which the plaintiff overheard). We therefore conclude the trial court erred by granting the injunction prohibiting Safarian from contacting Denmon.

**¶11** The trial court likewise could not grant Denmon's petition to enjoin Safarian from obstructing the construction workers' activities. Although the evidence may support the trial court's finding that Safarian harassed the construction workers who parked in front of his house, as stated in ¶¶ 3-4, *supra*, the court may only enjoin harassment against the plaintiff, Denmon. *See* A.R.S. § 12-1809(E); *LaFaro*, 203 Ariz. at 486, ¶¶ 13, 15.

**¶12** In that Denmon, the plaintiff, was not personally harassed by Safarian, we conclude the trial court abused its discretion in granting Denmon's petition to enjoin Safarian from harassing Denmon and other third parties. We need not address Safarian's constitutional argument because "there are nonconstitutional grounds dispositive of the case."

*Goodman v. Samaritan Health Sys.*, 195 Ariz. 502, 505, ¶ 11 (App. 1999) (citing *Petolicchio v. Santa Cruz Cnty. Fair & Rodeo Ass'n*, 177 Ariz. 256, 259 (1994)).

## CONCLUSION

**¶13** For the foregoing reasons we vacate the order granting an injunction against harassment against Safarian. Safarian requests an award of attorneys' fees pursuant to A.R.S. § 12-1809(O). In our discretion, we decline this request. As the prevailing party, however, Safarian is entitled to recover his costs on appeal upon compliance with ARCAP 21(b).



Ruth A. Willingham · Clerk of the Court
F I L E D : ama