NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In re the Matter of:

DION MAYBERRY, *Petitioner/Appellee*,

*v.*

CONNIE LYNN STAMBAUGH, *Respondent/Appellant*.

No. 1 CA-CV 23-0289 FC

FILED 03-26-2024

Appeal from the Superior Court in Maricopa County
No. FC2022-053109
The Honorable Gregg Clarke Gibbons, Judge *Pro Tempore*

**VACATED**

COUNSEL

Burns Nickerson & Taylor PLC, Phoenix
By Darius M. Nickerson
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge Michael S. Catlett joined. Judge Morse also delivered a separate special concurrence.

---

**M O R S E**, Judge:

¶1        In November 2022, Dion Mayberry ("Father") sought an order of protection against Connie L. Stambaugh ("Grandmother") on behalf of his children.  Father claimed Grandmother made false reports to the Department of Child Safety ("DCS") and the children's school of abuse and neglect by Father and the children needed protection from Grandmother's "mental manipulation, mental damage and emotional damage."  After the superior court granted the order of protection ex parte, Grandmother requested a hearing.   At the hearing, Grandmother denied the allegations were false and claimed she was just trying to get help for the children.  The court affirmed the order of protection, offering the following reasoning:

> Given the state of the law, the Court really sees no reason -- legal reason for the order of protection because the parent can deny visitation as the Court has stated, as the parents see fit. However, the Court is concerned that if the Court dismisses the order of protection on the basis of it being moot or unnecessary, it runs the risk of there being contact within the parties -- between the parties which may be detrimental to the children.

¶2        Grandmother appealed and argues the court erred in continuing the order of protection because there was not reasonable cause to believe she had committed or would commit an act of domestic violence. *See* A.R.S. § 13-3602(e)(1)–(2) (requiring a finding that the defendant has committed or may commit an act of domestic violence to continue an order of protection).  Father did not file an answering brief.

¶3        In light of the superior court's statement that it saw "no reason -- legal reason for the order of protection . . ." and our own review of the record, it is at least debatable whether Father established that Grandmother "may commit an act of domestic violence" or "has committed an act of domestic violence within the past year."  A.R.S. § 13-3602(e)(1)–(2).  When

such "debatable issues exist and an appellee fails to file an answering brief, we may consider such failure a confession of reversible error." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014).

**¶4**       We exercise our discretion, accept the implied confession of reversible error, reverse the court's order, and vacate the order of protection.

**M O R S E,** Judge, specially concurring:

**¶5**       In *Savord*, we stated that when there are "debatable" issues, we "may" consider a failure to respond as a confession of error but "we are not required to do so." *Savord*, 235 Ariz. at 259, ¶ 9. In civil cases that do not involve a child's best interests, *see infra* ¶¶ 19–20, I no longer think *Savord* is consistent with our supreme court's precedent. Instead, when an appeal raises debatable issues, and a child's best interests are not at issue, we must treat an appellee's failure to respond as a confession of reversible error.

**¶6**       In 1915, our supreme court decided *Merrill v. Wheeler*, 17 Ariz. 348 (1915). In that case, the appellee filed a response that was limited "to an objection to the jurisdiction of the court to entertain the appeal, and [he neither] filed a brief nor made any argument on the merits of the case." *Id.* at 350. The supreme court concluded that "so far as the merits of the case are concerned," appellee's response was "a confession of the error assigned by the appellant." *Id.*

**¶7**       Five years later, our supreme court described *Wheeler* as "notif[ying] the bar of this state that, upon a failure on the part of the appellee to file with the court a brief to sustain his side of the case, we would conclude 'that his attitude is a confession of the error assigned by [the] appellant.'" *Childs v. Frederickson*, 21 Ariz. 248, 249 (1920) (quoting *Wheeler*, 17 Ariz. at 350). In 1927, our supreme court described the *Wheeler/Frederickson* rule as a holding: "This court has held previously in several cases that a failure to file an answering brief is equivalent to a confession of error by appellee." *Navarro v. State*, 32 Ariz. 119, 120 (1927). But the *Navarro* court added a caveat – a failure to respond triggers mandatory reversal only when an appeal presents "a debatable question":

> While we do not lay down as a rigid rule that in all such cases
> the judgment of the lower court will be reversed, yet, when
> on examination of the pleadings and the assignments of error
> it appears a debatable question is raised by the appeal, and no
> reasonable excuse for appellee's failure to file a brief is shown,

> we assume the latter confesses error, and will reverse the case
> and remand it for new trial.

*Id*. at 120–21.

¶8         By the 1950s, the supreme court routinely applied this rule, i.e., mandatory implied confession of error on debatable issues. *See Mower v. Street*, 79 Ariz. 282, 283 (1955) (stating that when appellant raised debatable issues and no excuse is provided for a failure to file an answering brief, the supreme court was "committed to the proposition that we <u>will</u> assume such failure to file an answering brief is a confession on the part of appellees of reversible error" (emphasis added)); *Dowding v. Smithers*, 82 Ariz. 261, 262 (1957) (same); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958) (same).

¶9         By the 1960s, our supreme court referred to it as the "rule of the Stover and Dowding cases." *Nelson v. Nelson*, 91 Ariz. 215, 218 (1962) ("[W]e take the appellee's failure to file answering briefs to be a confession of reversible error in the trial court . . . ."); *see also Siemers v. Randall*, 94 Ariz. 302, 302 (1963) ("We have recently <u>held</u> that . . . 'where debatable issues were raised by the appeal, we <u>will</u> assume failure to file an answering brief is a confession on the part of the appellees of reversible error.'" (emphasis added) (quoting *Nelson*, 91 Ariz. at 217)); *Barrett v. Hiney*, 94 Ariz. 133, 134 (1963) ("As there are debatable issues this Court will assume the failure to file an answering brief is confession of reversible error on the part of appellee." (citing *Nelson*, 91 Ariz. at 217)); *Tom v. Baca*, 93 Ariz. 96, 97 (1963) (citing *Nelson*, in reversing and remanding where the appellee "has not favored us with a brief"). And in the last supreme court case to directly address this issue, the court stated that because "there are debatable issues[,] this Court <u>will</u> assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee." *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965) (emphasis added).

¶10         I could not find any subsequent Arizona Supreme Court decisions disavowing the confession-of-error rule established and repeated from 1915 to 1965. And the procedural rules have not changed in any way that would suggest that the approach to implied confession of error should change. *Compare* Ariz. R. Sup. Ct. 8(1) (1921) ("If the appellee shall not file his brief within the time allowed therefor, the cause may be submitted for decision upon the motion of appellant, on notice thereof to the appellee."), *and* Ariz. R. Sup. Ct. 7(a)(1) (1956) ("If the appellee shall not file his answering brief within the time prescribed by these Rules . . . the appeal may be submitted for decision on the motion of appellant upon notice to the appellee, or on the court's own motion."), *and* Ariz. R. Sup. Ct. 7(a)(2)

(1966) ("If the appellee does not file an answering brief within the time prescribed by these rules . . . the appeal may be submitted for decision on the motion of appellant upon notice to appellee, or on the court's own motion."), *with* ARCAP 15(c) (1983) ("If the appellee does not timely file his brief, the appeal may be submitted for decision on motion."), *and* ARCAP 15(a)(2) (2023) ("If the appellee does not timely file an answering brief, the appellate court may deem the appeal submitted for decision based on the opening brief and the record.").

¶11        Despite the above-cited precedent and the constancy of the rules, our Court has varied in its approach to a failure to respond. At times, we have adhered to the supreme court's approach. *See, e.g., Turf Irrigation & Waterworks Supply v. Mountain States Tel. & Tel. Co.*, 24 Ariz. App. 537, 540 (1975) ("The appellate courts of this state have many times held that where debatable issues are raised, the failure of an appellee to file an answering brief constitutes a confession of reversible error."); *Liberty Mut. Ins. Co. v. MacLeod*, 17 Ariz. App. 449, 450 (1972) ("When a debatable issue is raised it <u>will</u> be taken as a confession of error if no response or answer is filed." (emphasis added)); *Air E., Inc. v. Wheatley*, 14 Ariz. App. 290, 292 (1971) ("We <u>will</u> assume that the failure to file an answering brief constitutes a confession of reversible error [] if the reasons presented for reversal are 'debatable.'" (citing *Tiller*, 98 Ariz. at 157; *Siemers*, 94 Ariz. at 302) (emphasis added)).

¶12        But, beginning in the mid-1960s, we also carved out an exception to the *Stover/Dowding/Nelson* mandatory-confession-of-error rule. Our first step along this path came in *Hoffman v. Hoffman*, 4 Ariz. App. 83 (1966). *Hoffman* involved a child-custody and child-support dispute in which the wife did not file an answering brief. We first acknowledged that our supreme court "has stated that where there are debatable issues and the appellee fails to file an answering brief, that such failure is a confession . . . of reversible error." *Id*. at 85 (citing *Siemers*, 94 Ariz. at 302). But we then said that if minor children are involved, a mandatory-confession-of-error rule would not "serve the ends of justice and we do not believe that . . . the decisions of the Arizona Supreme Court require that we do so." *Id*. Instead, we reviewed the evidence, found "no breach of discretion by the trial court; either in the matter as to custody or to child support payments," and affirmed. *Id*.

¶13        Subsequently, we applied the *Hoffman* approach—considering the child's best interests in deciding whether to accept an implied confession of error—in cases involving child custody or support, *Blech v. Blech*, 6 Ariz. App. 131, 132 (1967), but we also expanded the

exception to general divorce matters, *see Counterman v. Counterman*, 6 Ariz. App. 454, 457 (1967) (citing *Hoffman* in a divorce appeal that did not involve children).

**¶14** By the end of the 1960s, we sometimes reiterated that *Hoffman* presented an exception to the mandatory-confession-of-error rule on debatable issues: "Although we have recognized exceptions to this 'confession or error' rule, these cases are clearly distinguishable in that either custody of children or marital status were involved." *In re O'Neil*, 10 Ariz. App. 423, 424 (1969) (internal citations to *Hoffman*, *Blech*, and *Counterman* omitted); *see also State ex rel. Flickinger v. Harris*, 11 Ariz. App. 362, 363 (1970) (discussing the "well-established authority in this State that an appellee's failure to file an answering brief where there are debatable issues constitutes a confession of reversible error," and finding that none of "the exceptions to the rule here apply" (citing *Hoffman*, 4 Ariz. App. at 83)). But we had already ignored the limits on the exception and applied *Hoffman* to cases that did not involve marriage or a child's best interests. *See United Bonding Ins. Co. v. Thomas J. Grosso Inv., Inc.*, 4 Ariz. App. 285, 285 (1966) (citing *Hoffman*'s non-mandatory language in an insurance dispute); *City of Phoenix v. Schooley*, 5 Ariz. App. 149, 150 (1967) (citing *Hoffman* for the proposition that we "may" accept the implied confession of error when the appeal presents debatable issues in a zoning dispute).

**¶15** And even after we explained in *In re O'Neil* and *Flickinger* that *Hoffman* was a limited exception to the mandatory-confession-of-error rule, we continued to apply *Hoffman* in non-family contexts. *See, e.g., Ariz. Tank Lines, Inc. v. Ariz. Corp. Comm'n*, 13 Ariz. App. 19, 21 (1970) ("Although this Court views this as a permissive rather than a mandatory rule, we will normally take a failure to file an answering brief as a confession of error unless there are circumstances indicating that we should not." (internal citations omitted)).

**¶16** In *Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980), a divorce case involving division of property, we noted that failure to file an answering brief "constitutes a confession of reversible error," but cited *Hoffman*, *et. al*, for the proposition that reversal is not "mandatory even though there is a debatable issue and no answering brief is filed." Then, in *Pima County Juvenile Action No. J-65812-1*, 144 Ariz. 428, 430 (App. 1985), we found no debatable issues in an unanswered appeal of a juvenile-transfer order and affirmed. In discussing the difference between criminal and civil proceedings, we stated that "in a civil case in which an appellant raises a debatable issue and the appellee makes no reply, <u>we may, in our discretion,</u> treat the lack of a response as a confession of error and reverse on that

basis." *Id*. at 429 (emphasis added) (citing *Turf Irrigation*, 24 Ariz. App. at 540). Interestingly, we cited *Turf Irrigation* to support this proposition even though *Turf Irrigation* stated that the "appellate courts of this state have many times held that where debatable issues are raised, the failure of an appellee to file an answering brief constitutes a confession of reversible error." 24 Ariz. App. at 540.

¶17 One year later, we repeated that discretionary framework in the face of debatable issues in a guardianship and termination case. *Pinal Cnty. Juv. Action No. S-389*, 151 Ariz. 564, 565 (App. 1986). But we also noted a different standard applies for juvenile-delinquency cases[1] before finding "that the issues raised are not debatable, and therefore the order of the juvenile court is affirmed." *Id.*

¶18 Thus, by the mid-1980s, we no longer cited the original mandatory-confession-of-error rule in debatable cases and repeatedly cited the reformulated doctrine in which we had discretion, even when debatable issues are present. This continued into the 1990s. In *Nydam v. Crawford*, a case involving an unpaid promissory note, we cited *Pinal County Juvenile Action No. S-389* for the proposition that treating the failure to file an answering brief as a confession of reversible error is a "discretionary" doctrine. 181 Ariz. 101, 101 (App. 1994) (citing *No. S-389*, 151 Ariz. at 564). Even though the appellees did not file an answering brief, we affirmed because we were "reluctant to reverse based on an implied confession of error when, as here, the trial court has correctly applied the law." *Id*. Our Court has cited *Nydam* for this proposition approximately 120 times.[2] And

---

[1] In *Navajo County Juvenile Action No. J-3206*, 121 Ariz. 407, 408 (App. 1979), we stated that "criminal and quasi-criminal cases . . . require the application of an analogous, but more restrictive version of the confession of error doctrine." That more-restrictive version provides that "it is appropriate to reverse a criminal or quasi-criminal appeal solely on the basis of the state's failure to respond unless this Court, in its discretion, believes that justice requires a decision on the merits." *Id*. (citing *People v. Miller*, 330 N.E.2d 262 (Ill. App. Ct. 1975)).

[2] In cases that did not involve child-custody or support matters, I have authored decisions in which we declined to treat a failure to respond as a confession of error but did not address whether the appeal presented debatable issues. *E.g.*, *Gibbs v. Palm Valley Rehab.*, 1 CA-CV 22-0544, 2023 WL 4194422, at *1, ¶ 7 (Ariz. App. June 27, 2023) (mem. decision) (stating "we will not treat the failure to respond as a confession of reversible error");

we have repeatedly restated the proposition that we have discretion in deciding whether or not to accept an implied confession of error. *E.g., Savord*, 235 Ariz. at 259, ¶ 9 (citing *Nydam,* 181 Ariz. at 101; *United Bonding Ins. Co.*, 4 Ariz. App. at 285)*; Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 4 n.3 (App. 2014) ("In the exercise of our discretion, we decline to treat her failure to file an answering brief as a confession of error."); *Cardoso v. Soldo*, 230 Ariz. 614, 616, ¶ 4 n.1 (App. 2012) (noting we are "not required" to treat failure to file an answering brief as confession of reversible error); *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007) (deciding we would not "treat the failure to file an answering brief as a confession of error . . . in order to clarify a rule of law").

**¶19**        But as judges, we are "bound" by the decisions of our supreme court and the supreme court "alone is responsible for modifying that precedent." *Sell v. Gama*, 231 Ariz. 323, 330, ¶ 31 (2013). And we have "no authority to overturn or refuse to follow [the supreme court's] decisions." *State v. McPherson*, 228 Ariz. 557, 562, ¶ 13 (App. 2012) (quoting *State v. Long*, 207 Ariz. 140, 145, ¶ 23 (App. 2004)). Normally, this would require that we jettison all our precedent that is inconsistent with *Navarro*, 32 Ariz. at 120, *Dowding*, 82 Ariz. at 262, *Stover*, 84 Ariz. at 388, and *Tiller*, 98 Ariz. at 157. But in *Hays v. Gama*, 205 Ariz. 99, 103–04, ¶¶ 18–23 (2003), our supreme court held that sanctions that prevented the trial court from considering relevant evidence in a custody proceeding "unnecessarily interfered with [the court's] duty to consider the child's best interests in determining custody." Although the *Hays* court only addressed sanctions at the trial-court level, the supreme court emphasized that "the child's best interest is paramount in custody determinations," and approvingly cited *Hoffman*, 4 Ariz. App. at 85 as "refusing to apply a court rule regarding the effect of a mother's failure to file an answering brief in a child custody appeal, because doing so would have an adverse effect on the children, who were unrepresented but most interested in the proceeding." *Hays*, 205 Ariz. at 102, ¶ 18. A fair reading of *Hays* supports and acknowledges *Hoffman*'s

*Gutierrez v. Cruz*, 1 CA-CV 21-0121 FC, 2021 WL 4437718, at *1, ¶ 1 n.1 (Ariz. App. Sept. 28, 2021) (mem. decision) (declining "to treat [appellee's] failure to [file an answering brief] as a confession of reversible error"); *Gunderson v. Gunderson*, 1 CA-CV 17-0459 FC, 2018 WL 3153745, at *1, ¶ 3 n.1 (Ariz. App. June 28, 2018) (mem. decision) ("Although we may regard Respondent's failure to file an answering brief as a confession of reversible error in the exercise of our discretion, we choose to address the merits of the appeal." (cleaned up)).

narrow child's-best-interest exception to the mandatory-confession-of-error rule.

¶20       Thus, in cases involving children's best interests, we may decline to treat a failure to respond as an implied confession of error if "doing so would have an adverse effect on the children." *Id.* But, in all other cases, "when . . . it appears a debatable question is raised by the appeal, and no reasonable excuse for appellee's failure to file a brief is shown, we [should] assume the latter confesses error, and [] reverse the case and remand it for new trial." *Navarro*, 32 Ariz. at 120–21.



AMY M. WOOD • Clerk of the Court
FILED:   TM