NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO G.T.

No. 1 CA-JV 23-0155
FILED 3-26-2024

---

Appeal from the Superior Court in Mohave County
No. S8015SV202200040
The Honorable Rick A. Williams, Judge

**VACATED AND REMANDED**

---

COUNSEL

The Law Offices of Robert Casey, Phoenix
By Robert Ian Casey
*Counsel for Appellant*

Amanda A., Bullhead City
*Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Michael S. Catlett and Judge James B. Morse Jr. joined.

---

**P A T O N,** Judge:

¶1        Steven T. ("Father") appeals an order terminating his parental rights as to G.T.  Because the court did not include any written findings in its signed termination order supporting its decision to terminate Father's

parental rights as required by Arizona Revised Statutes ("A.R.S.") Section 8-538(A), we vacate the termination order and remand for proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Amanda A. ("Mother") and Father were married in 2011 and have one child together, G.T.  The couple divorced in 2018 and the superior court gave Mother sole legal decision-making authority.  Father received parenting time once every three months for the last year of his prison term.  The decree was silent as to Father's parenting time after his release from prison.

**¶3**         In July 2021, approximately two years after his release from prison, Father petitioned to modify parenting time.  The superior court dismissed Father's petition when he did not show up for the hearing.  Father did not refile.

**¶4**         Mother petitioned to terminate Father's parental rights in September 2022, alleging he abandoned G.T.  At the conclusion of the contested termination hearing, the superior court orally stated its findings supporting its decision to terminate Father's parental rights on the abandonment ground.  The court instructed Father that his appellate rights would not "kick in" until it signed a written form of order prepared by Mother's counsel.

**¶5**         The superior court issued its termination order on the same day, but the order did not include any written findings of fact supporting its decision.  Instead, the order "incorporate[d] . . . by reference all findings . . . made by the Court in its Minute Order . . . as well as the comments made . . . on the record during the hearing."

**¶6**         Father timely appealed and we have jurisdiction pursuant to Section 8-235(A).

## DISCUSSION

**¶7**         Father does not challenge the merits of the termination order on appeal; he only argues that the order is facially invalid under Section 8-538(A) because it does not include any findings of fact.  Father has raised a debatable issue and Mother has not filed an answering brief, which we may "treat . . . as a confession of error and reverse on that basis." *In re Pinal Cnty. Juv. Action No. S-389*, 151 Ariz. 564, 565 (App. 1986).  In our discretion, we decline to do so here.  *See Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966)

(declining to treat a mother's failure to file an answering brief as a confession of error in an appeal involving a child's best interests).

**¶8** We review statutory interpretation questions de novo. *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 194-95, ¶ 6 (2016) (interpreting statutes). "If the statute is subject to only one reasonable interpretation, we apply it without further analysis." *Stambaugh v. Killian*, 242 Ariz. 508, 509, ¶ 7 (2017) (cleaned up).

**¶9** Section 8-538(A) provides that "[e]very order of the court terminating the parent-child relationship . . . *shall be in writing* and shall recite the findings on which the order is based." A.R.S. § 8-538(A) (emphasis added). In *Logan B.*, the superior court orally pronounced its findings of fact and conclusions of law but failed to include any written factual findings in its termination order. 244 Ariz. 532, 535, ¶¶ 5-6 (App. 2018). We reasoned Section 8-538(A) requires that a termination order include "the essential and determinative facts on which the conclusion was reached." *Id.* at 537, ¶ 15-16. And we concluded an order omitting these findings is deficient as a matter of law. *Id.* at 539, ¶ 20. We also determined that "[e]ven when the court . . . set forth some of its findings . . . on the record . . . [i]t is improper for this court to determine in the first instance what ultimate facts the [superior] court would have reduced to writing . . . ." *Id.* at 538-39, ¶ 19.

**¶10** As in *Logan B.*, the superior court's order here is deficient as a matter of law because it fails to recite the written factual findings the court relied upon in terminating Father's parental rights. *See* A.R.S. § 8-538(A). The order merely states that it "incorporates . . . by reference all findings . . . made" in a prior "Minute Order" and during the hearing. The prior "Minute Order" is the court's minute entry stating that it finds the abandonment ground proven by clear and convincing evidence; it does not include any findings the court relied upon in reaching its decision.

**¶11** Because the termination order does not contain the requisite written findings, it is "clearly erroneous." *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 18 (2018).

## CONCLUSION

**¶12** We vacate the superior court's termination order and remand the matter to the superior court. We direct the court to enter a termination order containing written findings of fact and conclusions of law based on the existing record, as required by Section 8-538(A) and Rule 353(h)(2)(A)

of the Arizona Rules of Juvenile Procedure. We express no opinion on the underlying merits of the termination order.



AMY M. WOOD • Clerk of the Court
FILED:    AA