**288 P.2d 495**

**Howard MOWER, Appellant,**

**v.**

**Ronald STREET and Leila Street, husband and wife, Appellees.**

**No. 6041.**

Supreme Court of Arizona.

Oct. 11, 1955.

Sidney B. Wolfe, Phoenix, for appellant.

No appearance for appellees.

WINDES, Justice.

Appellant brought suit against appellees seeking judgment for a balance due on the purchase price of certain carnival equipment purchased from the appellant by the appellees. Attachment was levied on a 1954 Mercury automobile. Appellees moved to quash the attachment upon the ground the property was exempt under the provisions of article 6, chapter 24, A.C.A.1939. In support of the motion, affidavit was filed stating in substance the automobile was specially constructed and used as part and parcel of a midget show which was then playing at the state fairgrounds and that without this specially constructed automobile, appellees would no longer be able to carry on a livelihood and support their family. The motion was noticed for hearing the day following its filing. Appellant sought a continuance to enable him to meet the motion. Continuance was denied and the motion to quash the attachment was granted. Appellant appeals from the order quashing the attachment for the reasons that the court should have granted a continuance and that the property is not under the law exempt from attachment. Appellees filed no brief opposing the reversing of the court's action.

We have examined appellant's brief and it is clear that debatable questions are raised by the appeal. No excuse is shown for the appellees' failure to appear and file an answering brief to assist the court in an analysis of the problems presented. Under such circumstances this court is committed to the proposition that we will assume such failure to file an answering brief is a confession on the part of appellees of reversible error. Navarro v. State, 32 Ariz. 119, 256 P. 114; Adkins v. Adkins, 39 Ariz. 530, 8 P.2d 248; Welch v. United Mut. Benefit Ass'n, 48 Ariz. 173, 60 P.2d 931; Tomlinson v. Gibson, 55 Ariz. 158, 99 P.2d 485; 3 Am.Jur., Appeal and Error, section 781, page 338.

Reversed with directions to set aside the order quashing the attachment.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.