311 P.2d 967

**Lawrence Goff DOWDING and LaMyra Dowding, his wife, Appellants,**

**v.**

**Glenn SMITHERS and E. Lea Keltner, co-partners, doing business as Kleanbore Well Service, Appellees.**

**No. 6369.**

Supreme Court of Arizona.

May 31, 1957.

Rawlins, Davis, Christy, Kleinman & Burrus, and Chester J. Peterson, Phoenix, for appellants.

No appearance for appellees.

UDALL, Chief Justice.

Plaintiffs-appellees brought suit against defendants-appellants on a promissory note given by the latter for the sum of $525.47, with interest at 6% per annum. The note contained this provision: "Should suit be brought to recover on this note, I promise to pay as attorney's fees *a reasonable amount additional on the amount found due hereunder."* (Emphasis supplied.) Defendants filed an answer and a counterclaim for damages in the sum of $46,000. The case was tried to the court sitting with a jury and the latter returned a verdict for the principal amount sued for on the note with interest thereon, plus an attorney's fee in the sum of $1,400. Verdict was for plaintiffs on defendants' counterclaim. The evidence upon which the attorney's fee was predicated consisted solely of testimony as to the number of hours spent in preparation for trial plus the time actually in court, coupled with a stipulation as to the minimum rate schedule of the Maricopa County Bar Association.

The court directed that judgment be entered for plaintiffs on the verdict as rendered, the aggregate amount of the judgment being $2,079.97. Later defendants moved to set aside the verdict, or, in the alternative, to grant a new trial. The court, by a memorandum opinion, directed that if plaintiffs would file a remittitur in the sum of $400 on the attorney's fees, the motion for new trial would be denied. The remittitur was promptly filed and the judgment thereby reduced to $1,679.97.

The defendants gave notice of appeal from only that portion of the judgment allowing an attorney's fee in the sum of $1,000. A supersedeas bond was given and the parties filed an "agreed statement of the case" in lieu of record on appeal. Appellants opening brief was timely filed, but the appellees have filed no brief opposing the reversing of the court's action.

We have carefully examined appellants' brief and it is clear that debatable questions are raised by the appeal. For instance, it is asserted the jury could only have arrived at a verdict by speculation and conjecture. No excuse is shown for the appellees' failure to appear and file an answering brief to assist the court in an analysis of the various problems presented. Under such circumstances this court is committed to the rule that we will assume such failure to file an answering brief is a confession on the part of the appellees of reversible error. Mower v. Street, 79 Ariz.

282, 288 P.2d 495; Farrell v. Cooper, 80 Ariz. 278, 296 P.2d 953, and cases therein cited. See, rule 7(a) 2, Rules of the Supreme Court, A.R.S. Vol. 17, and cases cited thereunder on pages 84, 85.

That portion of the judgment of the lower court allowing attorney's fees is reversed with directions to grant a new trial on this issue. For guidance on the retrial it should be stated that the trial court was in error in making any allowance of attorney's fee for time spent or services rendered in defending the counterclaim.

Judgment reversed with directions.

WINDES, PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.