313 P.2d 402

**Alene M. SCHREYER, Appellant,**

v.

**William Arthur SCHREYER, Appellee.**

**No. 6352.**

Supreme Court of Arizona.

June 29, 1957.

Frederick E. Kallof and Hughes & Steward, Phoenix, for appellant.

No appearance for appellee.

334

UDALL, Chief Justice.

Appellee, William Arthur Schreyer as plaintiff, through his attorneys Gibbons, Kinney & Tipton, brought an action for divorce against his wife, defendant-appellant Alene M. Schreyer. Through her attorneys, Flynn & Stewart, an answer and a counterclaim for separate maintenance were filed. A contested hearing was held and the court on April 10, 1956, entered a judgment and decree denying plaintiff a decree of divorce but granting a decree of separate maintenance to the defendant, with an allowance of $1,000 (payable at the rate of $50 per month) as and for separate maintenance, together with an attorney's fee of $150.

On May 8, 1956, plaintiff, under Rule 60(c), Rules of Civil Procedure, 16 A.R.S., filed a motion to set aside the judgment on the grounds of "surprise". He alleged that at the time of the trial it had been orally agreed between the parties and their attorneys that if plaintiff would raise $1,000, defendant would petition the court for leave to amend her counterclaim and ask for a decree of divorce, and that he had raised this amount, which was available for payment in a lump sum, but that she refused to amend her counterclaim. At this stage defendant's counsel were permitted to withdraw and present counsel were substituted. The latter filed a response moving to quash the motion to set aside the judgment. After a hearing was had thereon, the court was of the opinion that while the provisions of Rule 60(c), supra, were not applicable, it had the inherent power to "reconsider its findings and its determinations". Whereupon, an amended judgment and decree (dated June 21, 1956) was entered vacating the previous judgment, denying defendant a decree of separate maintenance, awarding plaintiff an absolute decree of divorce, and decreeing that he pay forthwith to defendant the sum of $1,000 as and for permanent alimony.

On August 15, 1956, defendant gave notice of appeal from those portions of the judgment vacating the previous judgment, denying defendant a decree of separate maintenance under her counterclaim, and granting to plaintiff an absolute decree of divorce. No mention is made in the notice of appeal of that portion of the decree relative to the payment of $1,000 to defendant as permanent alimony, and the record is silent as to whether she accepted the same.

Thereafter, the firm of Gibbons, Kinney & Tipton filed a motion to withdraw as counsel for plaintiff, asserting that the plaintiff had requested they no longer represent him in said matter. This motion was granted by the court on September 21, 1956, and since that time plaintiff-appellee has not been represented by counsel.

The appeal was regularly docketed in this court, and there was a timely filing by appellant of an abstract of record and opening brief as is required by our rules. Thereafter, appellant filed a motion to submit the case for decision upon the grounds that appellee, though he had been served by mail at his last known address in Georgia with copies of appellant's abstract and brief, had not made an appearance in this court either in person or by counsel, nor had he filed an answering brief. No response having been filed thereto, this motion was granted pursuant to Rule 7(a), subd. 2, Rules of the Supreme Court, 17 A.R.S.

We have examined appellant's brief and find debatable questions raised therein, e. g., the jurisdiction of the court to enter the amended judgment is challenged, and there is also a claim of abuse of discretion in the allowance of attorney's fees. There appears no reason for appellee's failure to file a brief. We consider such failure an admission of reversible error. Mower v. Street, 79 Ariz. 282, 288 P.2d 495; Farrell v. Cooper, 80 Ariz. 278, 296 P.2d 953; Dowding v. Smithers, 82 Ariz. 261, 311 P.2d 967.

Amended judgment dated June 21, 1956, reversed.


WINDES, PHELPS, STRUCKMEYER and LA PRADE, JJ., concur.