329 P.2d 1107

John Anthony STOVER and Mary Ellen Stover, minors, by their Guardian and Trustee, John Pintek, and John Pintek, individually, Appellants,

v.

Joseph KESMAR, as Executor of the Estate of Alvena M. Stover, deceased, Appellee.

No. 6586.

Supreme Court of Arizona.

Sept. 30, 1958.

John Pintek, Bisbee, for appellants.

No appearance for appellee.

UDALL, Chief Justice.

The instant appeal involves the validity of certain probate orders entered by the superior court of Cochise County in the matter of the estate of Alvena M. Stover, deceased. We are not strangers to this matter as some phase of the probate, or its related guardianship proceedings, has on two prior occasions been before us. See, Pintek v. Superior Court, 78 Ariz. 179, 277 P.2d 265, and Pintek v. Superior Court of Arizona, 81 Ariz. 255, 304 P.2d 392.

The appeal was docketed in this court and the record of the lower court filed on November 25, 1957. After some extensions of time appellants filed their opening brief on March 17, 1958. The appellee paid the filing fee on December 6, 1957 and there-after appeared and objected to the exten-sions of time asked for by appellants. Aft-er the filing of appellants' opening brief appellee obtained by court order or stipulation extensions of time to May 29, 1958, for the filing of an answering brief but to date no such brief has been filed.

On August 18, 1958, appellants filed a motion, pursuant to Rule 7(a), subd. 2, Rules of the Supreme Court, 17 A.R.S., to have "the appeal submitted for decision." No response having been filed to such motion it was granted.

We have carefully examined appellants' brief and it is clear that debatable questions are raised by the appeal. No valid excuse is shown for the appellee's failure to appear and file an answering brief to assist the court in an analysis of the various problems presented. Under such circumstances this court is committed to the rule that we will assume such failure to file an answering brief is a confession on the part of appellee of reversible error. Mower v. Street, 79 Ariz. 282, 288 P.2d 495; Farrell v. Cooper, 80 Ariz. 278, 296 P.2d 953; also Dowding v. Smithers, 82 Ariz. 261, 311 P.2d 967; Schreyer v. Schreyer, 82 Ariz. 333, 313 P.2d 402.

Those portions of the probate orders entered in the matter of the estate of Alvena M. Stover, deceased, on June 7, 1957 and July 26, 1957 (filed July 27, 1957), which

are called in question by this appeal, are reversed and set aside.

WINDES, PHELPS, STRUCKMEY-ER and JOHNSON, JJ., concur.