370 P.2d 952

**Patricia Ann NELSON, Appellant,**

v.

**Richard C. NELSON, Appellee.**

No. 7456.

Supreme Court of Arizona.

En Banc.

April 25, 1962.

Rees, Estes & Browning, Tucson, for appellant.

No appearance for appellee.

BERNSTEIN, Chief Justice.

In 1958 appellant obtained a divorce from appellee in the State of Illinois. Under this decree the Illinois Court ordered appellee to pay household bills and joint obligations of the parties existing at the date of the decree, and to save appellant harmless in the event she should be required to pay these obligations. Appellant did indeed pay these obligations, and in 1960, she obtained an order from the Illinois court which directed appellee to pay his former wife the sum of $4,933.88 which she had expended for such bills. Thereafter appellant commenced an action against the appellee in the Superior Court of Pima County to establish and enforce this foreign judgment in this State. The Illinois judgment was accorded full faith and credit by the superior court and judgment was rendered against the appellee in the sum of $5,183.88, plus costs. Appellee had remarried in this state in 1959.

After obtaining judgment in the Pima County Superior Court, appellant sought to collect thereunder by Writ of Garnishment served on appellee's employer. Appellee moved to quash this Writ, which motion was granted by the lower court, upon a finding that the judgment sued upon was not one for alimony. Appellant has perfected this appeal from the order granting the motion to quash the Writ of Garnishment.

■ Appellee failed to file reply briefs in this action, and at the expiration of the time allotted for him to do so, appellant moved to submit the case for decision in accordance with the rule of this court expressed in Stover v. Kesmar, 84 Ariz. 387, 329 P.2d 1107 (1958) and Dowding v. Smithers, 82 Ariz. 261, 311 P.2d 967 (1957). In these cases we stated that, where debatable issues were raised by the appeal, we will assume failure to file an answering brief is a confession on the part of the appellees of reversible error.

Two legal issues are raised by this appeal: (1) Is the community property of a husband and wife (appellee's paycheck in this case) subject to the alimony claim of a former wife? and (2) Is the judgment sued upon in this case a judgment for alimony?

■ The rule is settled in this state that community property is liable only for community debts, and is not chargeable for the debts of either spouse contracted prior to marriage. Forsythe v. Paschal, 34 Ariz. 380, 271 P. 865 (1928), even if reduced to

judgment; Cosper v. Valley Bank, 28 Ariz. 373, 237 P. 175 (1925). We have also held that the community is not liable for the obligation of one spouse to support an indigent relative, Maricopa County v. Douglas, 69 Ariz. 35, 208 P.2d 646 (1949). However, we have not ruled directly on the question of whether the community is liable for the husband's obligation to support a former wife, and children of a former marriage. Washington, which has similar community property laws, has faced this question, and its court has held that the property of the community is liable for the obligation of the husband to pay alimony in a case factually similar to that at bar, Fisch v. Marler, 1 Wash.2d 698, 97 P.2d 147 (1939). We therefore think the issue is still unsettled in this state.

The rule is also well settled that when a plaintiff's claim is reduced to judgment, the original claim is merged in the judgment, and the judgment becomes a new debt, Czapar v. Ginter, 76 Ariz. 84, 259 P.2d 253 (1953), Flynn v. Flynn, 42 Cal.2d 55, 265 P.2d 865 (1954). Nevertheless, the doctrine of merger will not be carried to an extreme, and when the ends of justice require, the courts have limited the doctrine. Thus, the original nature of the obligation which has been reduced to judgment remains, and incidents of this nature which provide special rights or exemptions will be preserved and recognized. Kemp v. Day & Zimmerman, 239 Iowa 829, 33 N.W.2d 569 (1948); First Citizens Bank & Trust Co. v. Parker, 232 N.C. 512, 61 S.E.2d 441 (1950); American Surety Co. of New York v. Wabash Ry. Co., 107 F.2d 685 (8th Cir.1939). Thus, we think that the question of whether a foreign judgment for alimony will be enforced against the property of the community is still unsettled in this state.

In accordance with the rule of the Stover and Dowding cases, supra, we take the appellee's failure to file answering briefs to be a confession of reversible error in the trial court, and reverse the judgment with directions to reinstate the Writ of Garnishment.

UDALL, V. C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.