424 P.2d 191

**The CITY OF PHOENIX, a municipal corporation, Appellant,**

**v.**

**Thomas F. SCHOOLEY, and Virginia Schooley, his wife, and W. Douglas Wilson, Appellees.**

**No. 1 CA–CIV 422.**

Court of Appeals of Arizona.
Feb. 28, 1967.

Robert J. Backstein, City Atty., by David M. Lurie, Asst. City Atty., for appellant.

Thomas F. and Virginia Schooley and W. Douglas Wilson, in pro. per.

CAMERON, Chief Judge.

This is an appeal by the City of Phoenix from a judgment of the trial court in favor of the appellees in their request to use their property for purposes contrary to that allowed by the zoning of the City of Phoenix.

The trial court found in favor of the plaintiffs-appellees and the judgment filed in conformity thereto contained the following:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

"1. That the zoning classification of Residential R–1–6 is unconstitutional and invalid as applied to the above described real property;

"2. That any zoning classification which is more restrictive than Residential R–3 would be unconstitutional and invalid as applied to the above described real property;

"3. That the plaintiffs have a right to use the above described real property for Residential R–3 purposes under Ordinance G–449, the Zoning Ordinance of the City of Phoenix and the Amendments thereto."

The City of Phoenix filed a timely appeal and the appellees, Thomas Schooley and Virginia Schooley, his wife, representing themselves on appeal, paid their filing fee (under protest) but failed to file a brief. Appellee W. Douglas Wilson failed to file appellee's filing fee and the brief. The matter was submitted to this Court pursuant to Supreme Court Rule 7(a) (2), 17 A.R.S. Our Supreme Court has stated that:

" * * * [W]here debatable issues were raised by the appeal, we will assume failure to file an answering brief is a confession on the part of the appellees of reversible error." Nelson v. Nelson, 91 Ariz. 215, 217, 370 P.2d 952 (1962); Siemers v. Randall, 94 Ariz. 302, 383 P.2d 753 (1963).

And while this Court has stated that we do not read these cases as requiring an automatic reversal where the appellee has failed to file a brief, Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966), where there are debatable issues before this Court, we may assume that the failure to file an answering brief is a confession of reversible error. Particularly is this true where constitutional issues may be involved. We have examined the record. In our opinion there are debatable issues.

For the reasons given the judgment of the trial court is reversed.

DONOFRIO and STEVENS, JJ., concur.