NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MARTHA CECILIA LUNA, *Petitioner/Appellee*,

*v.*

ERNESTO LUNA PEINADO, *Respondent/Appellant*.

No. 1 CA-CV 23-0634 FC
FILED 5-16-2024

Appeal from the Superior Court in Maricopa County
No. FN2019-005470
The Honorable Michelle Carson, Judge

**VACATED AND REMANDED**

COUNSEL

Martha Cecilia Luna, Phoenix
*Petitioner/Appellee*

Law Office of Joseph T. Stewart, PLLC, Phoenix
By Joseph T. Stewart
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

¶1        Ernesto Peinado ("Husband") appeals the Decree dissolving his marriage to Martha Luna ("Wife") and the order denying his motion to alter or amend the judgment. Husband claims that the court abused its discretion when entering its findings about his income and ability to pay spousal maintenance, and awarding Wife $2,000 in monthly spousal maintenance. He also claims that the court erred by entering an inequitable property division and ordering an equalization payment in an amount he cannot pay. The claims appear meritorious, and Wife's failure to file an answering brief on a debatable issue is a confession of error. Thus, we vacate the dissolution decree and remand for an evidentiary hearing on the petition.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Husband and Wife married in 1992. They have no minor children. In 2019, Wife petitioned to dissolve the marriage. Wife sought spousal maintenance and her share of the community interest in an oyster farm in Mexico and requested that the community's Mexican properties "be sold and equally divided." Wife offered to waive her interest in Husband's trucking business in exchange for spousal maintenance.

¶3        Husband opposed Wife's spousal maintenance request. He agreed that Wife could have the marital residence. He asserted that one of the properties he owned in Mexico was an "ejido," meaning the property was "various pieces of vacant land with no titles or deeds." Husband said he owned one-third of the "ejido" and asked the court to award Wife half of the one-third of the interest. He claimed he owned only a percentage of one of the other listed properties.

¶4        Husband requested that he be awarded his trucking business but claimed it had "no value other than the vehicles." Finally, Husband stated that the oyster farm was a family business in which he owned a one-third interest and asked the court to award Wife half of that interest.

¶5 The court held a trial on the dissolution petition. A Spanish interpreter assisted Wife. The court asked Husband if he also needed an interpreter. Husband said no. The court asked, "Are you sure?" Husband responded, "Yes."

¶6 Husband testified that he opened the trucking company in 2014 and described its gross profits and income after expenses. Husband also testified that he and Wife began acquiring property in Mexico around 2015. Neither party presented documentation supporting ownership of Mexican property. But Husband sought to explain their property interests. For example, when the court asked Husband about apartments they owned, he explained, "We built that because the lot, my father bought it under my name, so he gave me, like . . ." He finished his response in Spanish, and Wife's interpreter confirmed that Husband was trying to say the apartments were part of Husband's inheritance.

¶7 When the court asked Husband about the oyster farm, he said, "I not own; I'm part. So there be eight members. Family." He explained that the oyster farm was a "concession from the government, so it's not a purchase." But he also said he invested in the farm. The court asked Husband about the oyster farm's value. He said it was worth $10,000 at the most and then explained: "The thing there is, I buy some materials to grow oyster, but last year or this year, almost all the oyster died, so we have to farm, like, raise again. So it's, like, jeopardy, is like." Later, Husband said he could give Wife half "[o]f whatever be there" at the oyster farm, and when the court asked how much that was, he said, "Ten thousand."

¶8 Husband also testified about the "ejido." Husband said, "I spend $5,000 to buy that membership under that. It's, like, community, like, the proposed is, like, get lands from the government, and it's, like, concession." Wife's interpreter clarified that "[t]he word ejido means shared land or public land."

¶9 When the court asked Husband whether there were any other properties, Husband said, "There be properties, but they give me, like, concession, but I don't have any title. So it's, like, on the future, when they straight up all the papers, they're going to give me, like, a title. But could be five years, ten years." Husband clarified he had a commercial property as "a concession from the ejido on 2016," and he did not have a title. The court asked about the property's value, and Husband said, "I'm not being able to sell that. . . . under concession, that cost, but I don't have the papers, the right papers to sell, so we have to keep another five years."

¶10 At the end of the hearing, Husband requested that Wife keep the house, he keep the Mexican properties "where [they] have title," and once they can sell the commercial property in five years, he requested the parties split the proceeds equally.

¶11 In May 2023, the superior court entered the dissolution decree. The court ordered Husband to pay Wife $2,000 monthly in spousal maintenance for 84 months. The court awarded Wife the marital residence. Husband received the apartments. The court ordered the parties to sell the commercial property within 45 days and for Husband and Wife to split the equity. It awarded Husband other Mexican properties and the trucking company property. The court found the oyster farm interest was worth around $20,000 even though the only value evidence was Husband's testimony that it was worth $10,000. Husband received a casita property and the oyster farm share, but the court ordered him to pay Wife half the value of each property interest. The court also allocated the parties' personal property and debts.

¶12 Finally, the court granted Wife's request for attorney's fees and costs. It ordered Husband and Wife to brief the fee and cost application. But the court entered the Decree under Arizona Rule of Family Law Procedure ("Rule") 78(c) and certified that "[n]o further claims or issues remain[ed] for the Court to decide."

¶13 After the briefing, on July 25, the superior court awarded Wife $8,000 in attorney's fees. On August 18, Husband moved to vacate, alter, or amend the dissolution decree under Rule 83. *See* Ariz. R. Fam. Law P. 83(a)(1) (grounds for altering or amending a judgment). Husband challenged the court's spousal maintenance award and property division. He claimed the property division was inequitable because he could not adequately explain the property interest without an interpreter. The superior court denied the motion, finding that because the court entered the dissolution decree in May, Husband's Rule 83 motion was untimely. *See* Ariz. R. Fam. Law P. 83(c)(1) (A Rule 83 motion "must be filed not later than 25 days after the entry of judgment under Rule 78(b) or (c).").

¶14 Husband moved for reconsideration and argued the Rule 83 motion was timely. He claimed that the court improperly certified the Decree as a final judgment under Rule 78(c) because the court had not yet finalized attorney's fees. The superior court entered another minute entry denying the Rule 83 motion. A few days later, the court denied Husband's motion for reconsideration. Two weeks later, the court entered *nunc pro tunc*

4

orders to add Rule 78(c) language to the orders denying Husband's motion as untimely and denying the motion for reconsideration.

**¶15** Husband appealed. This court stayed the appeal because the inclusion of Rule 78(c) language in the dissolution decree was inaccurate. This court revested jurisdiction in the superior court to consider a motion for a signed judgment with Rule 78(c) language. The superior court entered a *nunc pro tunc* order to include Rule 78(c) language in the July 2023 attorney's fees order. Thus, we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1), and Rule 78(c).

## DISCUSSION

**¶16** Husband challenges the superior court's Rule 83 ruling, property division, and spousal maintenance award. We analyze the issues through the lens of Wife's failure to file an answering brief. If an appeal raises debatable issues and there appears to be no good cause for the appellee's failure to appear, we "will assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee." *See Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958).

**¶17** Our courts have not established a definitive test for a "debatable issue." But caselaw provides us with examples. Our supreme court treated the failure to file an answering brief as a confession of error when the opening brief claimed error with supporting authority, and the court found it would "require much industry and independent research to refute" the appellant's position. *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915). The court also found a debatable question when there was "at least grave doubt" about the superior court's order. *See Adkins v. Adkins*, 39 Ariz. 530, 531-32 (1932). Our courts have also found debatable issues when an appeal raised novel legal questions. *See, e.g., Childs v. Frederickson*, 21 Ariz. 248, 249 (1920); *Nelson v. Nelson*, 91 Ariz. 215, 218 (1962); *Campbell v. Malik*, 9 Ariz. App. 562, 563 (1969). On the other hand, an issue is not debatable when the record "clearly" resolves the question raised. *See, e.g., Air East, Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971); *Honsey v. Honsey*, 126 Ariz. 336, 337

(App. 1980). And contrary to cases from this court,[1] our supreme court has never recognized that we may arbitrarily waive a confession of error. *See Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at \*2, ¶¶ 9-10 (Ariz. App. Mar. 26, 2024) (Morse, J. specially concurring) (mem. decision).

**¶18** Applying the supreme court's test, we discern no good cause for Wife's failure to answer. The record shows that Wife was mailed notice of the appeal assignment, the case management statement, the opening brief, and the appendix. When this court received no answering brief nor a motion to extend the time to file it, we submitted the appeal for a decision. *See* ARCAP 15(a)(2) ("If the appellee does not timely file an answering brief, the appellate court may deem the appeal submitted for [a] decision based on the opening brief and the record."). Thus, Wife confessed to error if the opening brief raised debatable issues. *See Tiller*, 98 Ariz. at 157; *Stover*, 84 Ariz. at 388. Of course, if it is clear that the superior court did not err, we may affirm regardless of the confession of error. *See Honsey*, 126 Ariz. at 337.

**A.    The Superior Court Erred by Denying the Rule 83 Motion as Untimely.**

**¶19** Husband argues that the superior court abused its discretion by denying his Rule 83 motion as untimely. He claims that because the superior court did not certify the Decree under Rule 78(b), it was not a final, appealable judgment, and thus his Rule 83 motion was timely.

**¶20** We review an order denying a motion to alter or amend the judgment for abuse of discretion. *Stock v. Stock*, 250 Ariz. 352, 354, ¶ 5 (App.

---

[1]      *See, e.g.*, *City of Phoenix v. Schooley*, 5 Ariz. App. 149, 150 (1967) ("[W]here there are debatable issues before this Court, we *may* assume that the failure to file an answering brief is a confession of reversible error.") (Emphasis added.); *Ariz. Tank Lines, Inc. v. Ariz. Corp. Comm'n*, 13 Ariz. App. 19, 21 (1970) ("[T]his Court views [the confession of error rule] as a permissive rather than a mandatory rule[.]"); *Pima County Juv. Action No. J-65812-1*, 144 Ariz. 428, 429 (App. 1985) ("[W]e may, in our discretion, treat the lack of a response as a confession of error."); *Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994) (citing *Pinal County Juv. Action No. S-389*, 151 Ariz. 564 (App. 1986)) (Failure to file an answering brief *could* be a confession of error.); *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 4, n.3 (App. 2014) (similar); *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007) (similar).

2020). The court abuses its discretion by committing legal errors or issuing orders without record support. *See Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 259, ¶ 13 (2022). We review "questions involving the application and interpretation of court rules *de novo*." *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012).

**¶21** A Rule 83 motion "must be filed not later than 25 days after the entry of judgment under Rule 78(b) or (c)." Ariz. R. Fam. Law P. 83(c)(1). A Rule 78(c) judgment resolves all claims and issues for every party and recites that "no further matters remain pending." *See* Ariz. R. Fam. Law P. 78(c). A Rule 78(b) judgment resolves fewer than all claims but expressly determines that "there is no just reason" to delay the appeal of the resolved claims. *See* Ariz. R. Fam. Law P. 78(b). Under the rule, an attorney's fees claim is separate from the action's merits. *Id.*

**¶22** The court entered the Decree and certified it under Rule 78(c), finding that it had no more claims or issues to decide. But the court had not yet resolved the attorney's fees claim. Rather, the court ordered the parties to brief the issue and stated it would enter an attorney's fees judgment after reviewing the briefing. Thus, the Decree was not a Rule 78(c) judgment. *See* Ariz. R. Fam. Law P. 83(c)(1); *see also Madrid v. Avalon Care Center-Chandler, L.L.C.*, 236 Ariz. 221, 224, ¶ 6 (App. 2014) (Because "not all claims as to all parties have been resolved, the judgment is not a Rule 54(c) judgment."); *Ghadimi v. Soraya*, 230 Ariz. 621, 623, ¶ 10 (App. 2012) (Rule 78 is based on Arizona Rule of Civil Procedure 54, and courts should look to its caselaw for guidance.).

**¶23** The court found that because it entered the Decree in May, the Rule 83 motion filed in August was untimely. But the Decree was not a Rule 78(c) judgment until the court resolved the attorney's fees claim on July 25. *See* Ariz. R. Fam. Law P. 78(c); *Madrid*, 236 Ariz. at 224, ¶ 6; *Hill v. City of Phoenix*, 193 Ariz. 570, 573, ¶ 15 (1999) (A judgment that fails to include Rule 54(b) language becomes final and appealable upon entry of the judgment disposing of the last pending claim.). Thus, Husband's Rule 83 motion, filed on August 18, was timely. *See* Ariz. R. Fam. Law P. 83(c)(1). We conclude that the superior court erred by denying the motion as untimely. *See Shinn*, 254 Ariz. at 259, ¶ 13.

**B.    We Remand the Case to the Superior Court for an Evidentiary Hearing.**

**¶24** In this case, Husband challenges the superior court's spousal maintenance award and property division, claiming "there was

misunderstanding as to the value of the marital residence, the equitable interest in the Mexico properties and the calculation of [his] income."

¶25 Husband argues that the court failed to understand that he could not sell the commercial property as the superior court ordered. He claims he tried to explain at trial that the property was "shared land or public land." Similarly, he notes he was "not artful in his explanation of the nature of [his] interest" in the oyster farm, and he cannot comply with the court's order to pay Wife her share because he cannot obtain a lien on the property interest.

¶26 In this case, Husband and Wife disputed their property interests and the facts underlying Wife's spousal maintenance claim. Husband claims he cannot comply with some of the court's orders, and the record did not support the final Decree. It is debatable whether the record supports the superior court's dissolution decree. Wife has confessed error by not filing an answering brief. *See Tiller*, 98 Ariz. at 157; *Stover*, 84 Ariz. at 388. Based on the record and Wife's confession, we vacate the Decree and attorney's fee award and remand for an evidentiary hearing on the dissolution petition.

## CONCLUSION

¶27 We vacate the dissolution decree and attorney's fee award and remand for an evidentiary hearing on the dissolution petition.



AMY M. WOOD • Clerk of the Court
FILED: AA

8