NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CASS ZAKRZEWSKI, *Petitioner/Appellee*,

*v.*

KELLI ZAKRZEWSKI, *Respondent/Appellant*.

No. 1 CA-CV 23-0770 FC
FILED 07-11-2024

Appeal from the Superior Court in Coconino County
No. S0300PO202300053
The Honorable Brent D. Harris, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

DNA People's Legal Services, Flagstaff
By A.J. Rogers
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**C A T T A N I**, Judge:

**¶1**         Cass Zakrzewski ("Father") obtained a protective order on behalf of his minor son N. against his minor daughter M.  Acting on behalf of M., Kelli Zakrzewski ("Mother") appeals the continuation of that order.  Because the court applied the incorrect standard of proof at a contested hearing, we vacate the ruling continuing the protective order and remand for reconsideration under the correct standard.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         In September 2023, Father filed a petition for a protective order on behalf of 10-year-old N. to protect him from 16-year-old M.  The petition alleged several incidents over the preceding four months, including that M. had hit N. with rocks and sticks, threatened to beat him up and throw him across the room, and threatened that he would be sexually assaulted by another family member's romantic partner.  Father testified to that effect at an ex parte hearing, and the court entered an ex parte protective order prohibiting M. from having contact with N.

**¶3**         Mother requested a hearing on M.'s behalf.  Before hearing evidence, the court stated that "[t]he burden of proof, what I have to find to keep the order in place, is reasonable evidence.  It is not even a preponderance of the evidence."  Father then testified about M. throwing sticks and rocks at N., threatening to throw him across the room, and threatening sexual violence.  Mother testified to the contrary that N. had told her he was not afraid of M., and that M. had not made most of the statements alleged and had been joking when she said she wanted N. to "die in an alleyway."  M. testified as well, denying that she threatened N. with physical or sexual violence and stating that the comments about wanting him to die were just joking around.  She confirmed throwing rocks and sticks at N. and once throwing him across the room, but she characterized it as "rough hous[ing]" and "just how we played."

¶4 The superior court continued the order of protection, finding "reasonable evidence" that N. had experienced or was at risk of domestic violence by M., explaining that N. "ha[d] a fear, whether it [was] legitimate or not," because "there's just something going on here [between M. and N.] that [the court] can't nail down." After the court entered a signed order, Mother timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(5)(b) and Rule 42(a)(2) of the Arizona Rules of Protective Order Procedure.

**DISCUSSION**

¶5 Mother argues the superior court applied the wrong standard of proof when upholding the order of protection.[1] We review the decision to continue an order of protection for an abuse of discretion, which may include "an error of law [committed] in the process of reaching a discretionary conclusion." *Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012); *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶ 14 (App. 2012). We consider de novo the appropriate burden of proof and other issues of statutory or rule interpretation. *See Am. Pepper Supply Co. v. Fed. Ins. Co.*, 208 Ariz. 307, 309, ¶ 8 (2004); *State v. Hansen*, 215 Ariz. 287, 289, ¶ 6 (2007).

¶6 The superior court may issue an ex parte order of protection if it finds "reasonable cause to believe" that the defendant may commit, or has in the past year committed, an act of domestic violence. *See* A.R.S. § 13-3602(E). If the defendant requests a hearing, however, the court may continue the order of protection after a contested hearing only if the plaintiff "prove[s] the case by a preponderance of the evidence." A.R.S. § 12-3602(L); Ariz. R. Prot. Ord. P. 38(a), (g)(3).

¶7 Here, although Rule 38(g)(3) requires proof by a preponderance of the evidence, the superior court expressly characterized the applicable standard of proof at the contested hearing as "reasonable evidence[,] . . . not even a preponderance of the evidence." And the court applied this erroneously low standard when explaining its reasons for continuing the protective order, noting that there "seem[ed] . . . to at least

---

[1] No answering brief was filed in this case. If an appeal raises a debatable issue and there appears to be no good cause for the appellee's failure to appear, we "will assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee." *See Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958). We need not consider whether to rely on confession of error here, however, because the error is readily apparent.

be a reasonable likelihood that [N.] either has experienced or has legitimate fear of experiencing further physical or mental or emotional harm, threats," and that "[i]f it's even remotely true" that M. made the alleged comments, "I have sufficient evidence to uphold the order of protection." In light of this error of law, and absent any record basis showing how the court would have ruled under the correct standard, we vacate the court's decision continuing the order of protection and remand for a redetermination based on a preponderance of the evidence standard.[2]

## CONCLUSION

¶8        Because the court applied an incorrect standard of proof at the contested hearing, we vacate the ruling continuing the protective order and remand for the superior court to reconsider under the correct standard.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

---

[2]        Mother also argues that the superior court's explanation of the basis for its ruling was not decisive enough to constitute a finding (as required) that the defendant may commit or in the past year had committed an act of domestic violence. *See* A.R.S. § 13-3602(E), (L); Ariz. R. Prot. Ord. P. 23(e)(1), 38(g)(4). The superior court has the authority and the responsibility to make credibility determinations, weigh conflicting evidence, and resolve evidentiary conflicts as necessary to render its decision. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998); *Great W. Bank v. LJC Dev., LLC*, 238 Ariz. 470, 482, ¶ 42 (App. 2015). Here, however, many of the court's comments on the record acknowledged evidentiary conflicts but did not resolve them: *e.g.*, noting N.'s "fear, whether it is legitimate or not"; suggesting "there's just something going on here that I can't nail down"; and finding certain comments unacceptable "[i]f it's even remotely true" that M. made such comments to N. But because we vacate the court's ruling on other grounds, we do not specifically address the adequacy of the court's findings.