NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In the Matter of:

KEMMY BURGESS, *Petitioner/Appellee*,

*v.*

NASTARAN BARARI, *Respondent/Appellant*.

No. 1 CA-CV 24-0641 FC

FILED 03-27-2025

Appeal from the Superior Court in Maricopa County
No. FC2023-003629
The Honorable Wendy S. Morton, Judge *Pro Tempore*

**REMANDED**

COUNSEL

Kemmy Burgess
*Petitioner/Appellee Pro Se*

Nastaran Barari, Avondale
*Respondent/Appellant Pro Se*

---

**MEMORANDUM DECISION**

Presiding Judge Anni Hill Foster delivered the decision of the Court, in which Judge Michael J. Brown and Judge Paul J. McMurdie joined.

---

**F O S T E R**, Judge:

**¶1**        Nastaran Barari ("Wife") appeals the superior court's continuance of an order of protection against her obtained by her husband, Kemmy Burgess ("Husband"). For the reasons that follow, this Court remands the case for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

**¶2**        This Court views the evidence in the light most favorable to sustaining the court's ruling continuing the order of protection for an abuse of discretion. *Vanwormer v. Lopez*, ___ Ariz. ___, ___, ¶ 6, 562 P.3d 420, 422 (App. 2025).

**¶3**        Husband petitioned for an order of protection in June 2023, after Wife grabbed his collar and pushed him during an argument. The superior court issued an order of protection the same day, and Wife was served with the order two weeks later. Almost a year later, Wife requested a hearing to contest the protective order. After an evidentiary hearing, the court found Wife admitted she grabbed and pushed Husband, which constituted domestic violence. The court continued the protective order and amended it to prohibit Wife from possessing firearms. Wife timely appealed the continuance of the order.

**¶4**        This Court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1), (5)(b).

## DISCUSSION

**¶5**        Wife raises three due process issues regarding the continuation of the protective order: (1) the court denied her substantive due process by failing to consider evidence she acted in self-defense as a victim of past domestic violence by Husband; (2) the hearing procedures deprived her of a fair hearing; and (3) the continuation of the order of

protection violates her substantive due process rights. Husband failed to file an answering brief.

¶6      When an appellant raises "debatable issues[,] this Court *will* assume that the [appellee's] failure to file an answering brief is a confession of error" if no valid excuse exists for appellee's failure. *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965) (emphasis added); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958). This premise applies even when debatable issues are purely legal questions. *Nelson v. Nelson*, 91 Ariz. 215, 217–18 (1962). Though the Supreme Court has recognized an exception to this mandate in child custody cases, the exception is inapplicable to this case. *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966) ("[T]o reverse the decision of the trial court concerning the custody and well being of two minor children because their mother failed or was unable to file an answering brief would not . . . serve the ends of justice."); *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) (citing *Hoffman* positively in a case where contempt sanctions would impact the child's interests in a custody case).

¶7      Husband has asserted no valid excuse for his failure to file an answering brief. *See Stover*, 84 Ariz. at 388. The record shows Husband was notified of the appeal, and this Court issued two orders in November that included a reminder about the deadline and the availability of an extension of time to file. Therefore, this Court must consider whether Wife's appeal raises debatable issues.

¶8      A court must issue an order of protection if it determines the defendant either "may commit an act of domestic violence" or "has committed an act of domestic violence within the past year." A.R.S. § 13-3602(E). The plaintiff bears the burden to "prove the case by a preponderance of the evidence." Ariz. R. Prot. Ord. P. 38(g)(3). Domestic violence in this context requires two elements: an enumerated act and a special relationship between the defendant and the victim. A.R.S. § 13-3601(A). One special relationship is a marriage between the victim and defendant; one enumerated act is assault. A.R.S. § 13-3601(A) (listing § 13-1203 as act), (A)(1) (marriage relationship); *see also* A.R.S. § 13-1203 (assault). But § 13-3601(B) dictates that "[a]n act of self-defense that is justified under chapter 4 of [title 13] is not deemed to be an act of domestic violence." A.R.S. § 13-3601(B). Chapter 4 of title 13 dictates that "a person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(A).

**¶9**　　　　When analyzing § 13-3601(B), this Court has reached opposing views on whether justification defenses should be considered during an order of protection hearing. *Compare Rozum v. Rozum*, 1 CA-CV 14-0734 FC, 2015 WL 9302550, at *2, ¶ 9 (Ariz. App. Dec. 22, 2015) (mem. decision) (justification is irrelevant) *with Miller v. Miller*, 1 CA-CV 21-0611 FC, 2022 WL 2839986, *2, ¶¶ 11–14 (Ariz. App. July 21, 2022) (mem. decision) (justification consideration is required).[1] In *Rozum*, the defendant argued he did not commit an act of domestic violence because the petitioner was committing criminal trespass when he used physical force against her. *Rozum*, 1 CA-CV 14-0734 FC, at *2, ¶ 9; *see also* A.R.S. §§ 13-407 ("use of physical force in defense of premises"), -408 ("use of physical force in defense of property"). This Court reasoned that although justifications may be defenses in *criminal* prosecutions, protective order hearings are "separate *civil* proceeding[s]" where such considerations are irrelevant. *Rozum*, 1 CA-CV 14-0734 FC, at *2, ¶ 9; *see also* A.R.S. § 13-401(B) ("[J]ustification, as defined in this chapter, is a defense in any prosecution for an offense pursuant to this title."). But in *Miller*, also involving a defendant arguing justification against the petitioner's trespass, this Court relied on § 13-3601(B)'s provision that a justified act is not domestic violence and determined the superior court erred by failing to consider evidence the defendant's acts "were justified under § 13-407." *Miller*, 1 CA-CV 21-0611 FC, at *2, ¶¶ 11–14. These opposing decisions confirm that Wife's appeal raises a debatable issue—whether the superior court should have considered Wife's justification defense.

**¶10**　　　　By failing to file an answering brief, Husband has confessed reversible error on this debatable issue and conceded that the court should have considered Wife's justification defense. Therefore, the case is remanded for a new hearing in which the superior court must consider evidence Wife acted in self-defense as a victim of past domestic violence by Husband. *See Nelson*, 91 Ariz. at 217–18 (reversing and directing superior court to act according to confessed error even though the debatable issue was an unsettled legal question). However, "[t]he order of protection remains in place until further order of the superior court" or until its expiration. *Miller*, 1 CA-CV 21-0611 FC, at *2, ¶ 14.

---

[1] This Court may cite to memorandum decisions "issued on or after January 1, 2015" for their persuasive value. Ariz. R. Sup. Ct. 111(c)(1)(C).

**CONCLUSION**

**¶11**        For the reasons above, this Court remands the case for a new hearing in which the court must consider evidence Wife acted in self-defense as a past victim of domestic violence by Husband.



MATTHEW J. MARTIN • Clerk of the Court

**FILED**:            JR