NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TRISTI SIERPINA, *Plaintiff/Appellee*,

*v.*

LINDSEY HOLMES, *Defendant/Appellant*.

No. 1 CA-CV 24-0477

FILED 07-17-2025

Appeal from the Superior Court in Maricopa County
No. CV2024-007655
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**REVERSED; INJUNCTION VACATED**

COUNSEL

Tristi Sierpina, Peoria
*Plaintiff/Appellee*

Lindsey Holmes, Peoria
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Angela K. Paton joined. Judge Samuel A. Thumma dissented.

---

**C A T T A N I**, Judge:

**¶1**         Lindsey Holmes appeals the superior court's continuation, after an evidentiary hearing, of an injunction against harassment obtained against her by Tristi Sierpina. For reasons that follow, we reverse the superior court's ruling and vacate the injunction.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         In April 2024, Sierpina filed a petition seeking an injunction against harassment against Holmes. Sierpina and her then-husband (who have a child together ("Child")) were going through a divorce at the time, and Holmes was dating Sierpina's then-husband. The petition detailed four incidents on three days to support the request. After an ex parte injunction issued and Holmes was served, she requested a hearing.

**¶3**         At the evidentiary hearing, Sierpina's witnesses testified about the four incidents alleged in the petition. As to two of the four, witnesses described Holmes as being aggressive and saying disrespectful things about Sierpina when interacting with staff at Child's school. Sierpina was not present for or involved in any of these interactions. As to the other two incidents, witnesses described Holmes calling Sierpina's workplace on multiple occasions and making inappropriate and disrespectful comments about Sierpina. On these occasions, Holmes talked to others at Sierpina's workplace, but not to Sierpina herself. Holmes and another witness largely denied the allegations.

**¶4**         The superior court found that Holmes's continued calls to Sierpina's workplace and Child's school constituted harassment and affirmed the injunction protecting Sierpina and Child. *See* Ariz. R. Prot. Ord. P. ("ARPOP") 5(b)(2). Holmes timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(5)(b) and ARPOP 42(a)(2).

**DISCUSSION**

**¶5**        The superior court may issue an ex parte injunction against harassment if it finds "reasonable evidence of harassment of the plaintiff by the defendant during the year preceding the filing of the petition." A.R.S. § 12-1809(E). If the defendant requests a hearing, the court may continue the injunction after a contested hearing only if the plaintiff "prove[s] the case by a preponderance of the evidence." ARPOP 38(g)(3); *see also* A.R.S. § 12-1809(H). For these purposes, "harassment" is defined as a "series of acts . . . directed at a specific person" that "serve[] no legitimate purpose" and would cause a reasonable person (and does cause the plaintiff) "to be seriously alarmed, annoyed or harassed." A.R.S. § 12-1809(T)(1)(a). We review the continuation of an injunction against harassment for an abuse of discretion. *See LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 10 (App. 2002).

**¶6**        Holmes challenges the basis for the superior court's finding of harassment. Sierpina did not file an answering brief, and if an appeal raises a debatable issue and there appears to be no good cause for the appellee's failure to appear, we may deem this failure a confession of reversible error. *See Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *Stover v. Kesmar*, 84 Ariz. 387, 388 (1958); *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014).

**¶7**        Here, the appeal raises at least a debatable issue as to whether Holmes's conduct was "directed at" Sierpina as required to qualify as harassment under § 12-1809(T)(1)(a). The record supports the conclusion that Holmes made inappropriate and disrespectful comments about Sierpina that would cause serious alarm or annoyance. But the only evidence was that these comments were made to third parties, not to Sierpina herself and apparently not even in her presence. Although Holmes was talking *about* Sierpina, her comments were plausibly directed at the third parties, not at Sierpina herself, and thus arguably fall outside the statutory definition of harassment. *See LaFaro*, 203 Ariz. at 486, ¶ 13; *see also Wood v. Abril*, 244 Ariz. 436, 438, ¶ 8 (App. 2018). Accordingly, given this debatable issue, we deem Sierpina's failure to answer a confession of reversible error.

**¶8**        Our dissenting colleague points to deficiencies in Holmes's brief and suggests that it is unfair to overlook those flaws while focusing on Sierpina's failure to answer. Although Holmes's brief was not a model of clarity, there is a meaningful difference between her failure to comply with ARCAP 13 (an admittedly important rule governing structure of and support for briefs) and Sierpina's failure to show up at all.

¶9      We likewise acknowledge, as our colleague points out, that the superior court included Child as a protected person on the injunction, which plausibly could implicate best-interests concerns. But the court included Child solely on the basis that "pursuant to the rules [Sierpina] is entitled to have her son on the order," *not* based on any findings of harassment directed at Child or any other type of best-interests analysis. *See* ARPOP 5(b)(2). We decline to mold our disposition based on best interests of a child when the superior court did not consider or reach that issue.

¶10      Finally, we share our colleague's concern that Holmes asked about Sierpina's whereabouts so as to "flatten [her] tires so [she] can't make it to court." But even if that comment was "directed at" (although not made to) Sierpina, it is only one qualifying act of at least two required to obtain an injunction against harassment. *See* A.R.S. § 12-1809(T)(1)(a) (requiring a "series of acts" of harassment "directed at" the person); *Martinez v. Estes*, 258 Ariz. 354, ¶ 8 (App. 2024) (series of acts requires at least two events) (citing ARPOP 25(b)); *LaFaro*, 203 Ariz. at 486, ¶¶ 13–14. Especially where, as here, the superior court's findings did not explore the nuance of whether comments made to third parties were nevertheless "directed at" Sierpina, the need for a *contested* appellate proceeding is even more acute.

## CONCLUSION

¶11      We deem Sierpina's failure to file an answering brief as a confession of error, reverse the superior court's ruling, and vacate the injunction against harassment.

**T H U M M A, Judge, dissenting:**

¶12      The Majority correctly summarizes the facts and procedural background and correctly sets forth the applicable law. Relying on cases for the proposition that if an appeal raises a debatable issue, we have the discretion to treat a failure to file an answering brief as a confession of reversible error, the Majority finds that the failure of appellee Tristi Sierpina to file an answering brief is a confession of error. I respectfully dissent. I would exercise our discretion differently and would address the merits of the appeal. To be sure, my difference with the Majority likely is somewhat academic, given that the order of protection expired in April 2025. For four primary reasons, however, I would address the merits of the appeal.

¶13 First, treating the failure to file an answering brief as a confession of error is one variant of the requirement that parties comply with court rules. Court rules apply equally to all parties. Court rules here required appellant Lindsay Holmes to file an opening brief containing "appropriate references to the record," listing the issues presented for review and providing "citations of legal authorities." *See* ARCAP 13(a)(5), (6) & (7)(A). Holmes' brief does not do so and is deficient. It contains factual statements without any record references (and without any apparent record support), lists no issues for review and cites no legal authority. Typically, such deficiencies in an opening brief constitute waiver. *See, e.g., Ramos v. Nichols*, 252 Ariz. 519, 523 ¶ 10–11 (App. 2022) (finding waiver where appellant "makes no attempt to refer to the record or explain his contentions with citation to legal authority based on the record in this appeal"). The Majority, however, overlooks Holmes' failure to comply with Court rules in her opening brief, while finding Sierpina's failure to comply with Court rules requiring her to file an answering brief as a dispositive confession of error.

¶14 Second, Holmes has not asked the Court to find that Sierpina's failure to file an answering brief is a confession of error. She could have done so by motion. *See* ARCAP 6. But she did not. In substance, the Majority overlooks Holmes' inaction (not filing such a motion) while finding Sierpina's inaction (not filing an answering brief) as a dispositive confession of error.

¶15 Third, the best interests of a child are at issue here. Sierpina's eight-year-old son is a protected person under the order of protection, with evidence that Holmes went to the child's school and also impersonated an official to secure his school records. "We typically decline to find waiver where a child's best interests are at issue . . . ." *Solarzano v. Jenson*, 250 Ariz. 348, 350 ¶ 8 (App. 2020) (citing *Nold v. Nold*, 232 Ariz. 270, 273 ¶ 10 (App. 2013)).

¶16 Finally, I agree with the Majority that the appeal raises at least a debatable issue as to whether Holmes' conduct was "directed at" Sierpina as required to qualify as harassment under A.R.S. § 12-1809(T)(1)(a). Holmes' opening brief does not make that argument, but the record suggests it properly could be an issue. As the Majority notes, the record includes evidence that Holmes made calls to Sierpina's employer and said derogatory things about her, which *LaFaro* found on different facts was not conduct "directed at" the complainant. *See* 203 Ariz. at 486 ¶ 13. However, the record contains evidence that Holmes also asked Sierpina's employer when she would be at work so that Holmes could "drive by and flatten [her]

tires," including so she "can't make it to court." That, I would submit, was sufficient to show that Holmes' conduct was "directed at" Sierpina for purposes of an order of protection.

¶17    For these reasons, I respectfully dissent.

