NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BOBBI L. MERRILL, *Petitioner/Appellant,*

*v.*

CLIFFORD J. ENOS, *Respondent/Appellee.*

No. 1 CA-CV 25-0726 FC

FILED 04-30-2026

Appeal from the Superior Court in Yavapai County
No. S1300DO202300006
The Honorable Tina R. Ainley, Judge

**VACATED IN PART**

COUNSEL

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin, Elizabeth Nañez, Alicia Derr
*Counsel for Petitioner/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Angela K. Paton and Judge Jennifer M. Perkins joined.

_____

**C A T L E T T**, Judge:

¶1        Bobbi Merrill ("Wife") appeals the superior court's order requiring her to sell residential property and pay Clifford Enos ("Husband") $60,000 from the proceeds, when the court's original dissolution decree ordered her to refinance the property and pay Husband $20,000.  Husband did not file an answering brief.  Because Wife raises a debatable issue on appeal, we treat Husband's failure to file an answering brief as a confession of error and vacate the order in part.

**FACTS AND PROCEDURAL HISTORY**

¶2        In January 2023, Wife petitioned to dissolve her and Husband's marriage.  Two months later, the court entered a Decree of Dissolution ("Decree").  The Decree ordered Wife to refinance the mortgage on residential property obtained during the marriage and pay Husband $20,000 from the equity "within 6 months of judgment[.]"

¶3        Five months after the Decree, Wife sought to amend the Decree to give her six more months to refinance the mortgage because of "ongoing extremely high interest rates[.]"  Wife attested that she was "currently unable to qualify for the refinancing" and requested additional time to allow interest rates to decrease to "between 6% and 7%[.]"  Husband did not respond.  The court denied Wife's motion without prejudice for not providing Husband with proper notice and for failing to follow the Arizona Rules of Family Law Procedure.  Wife did not renew her request.

¶4        In June 2025, Husband petitioned to enforce the Decree.  He argued Wife did not refinance the property by the deadline in the Decree. He asked the court to order Wife to sell the property and equally divide the equity between them.

¶5        The court held a hearing.  When asked, Husband agreed with the court that over two years had passed since the Decree, but Wife had not refinanced the property.  Husband explained that delay prevented him from using veteran benefits to apply for his own mortgage.

**¶6** Wife apologized for the delay, explaining she "made every effort to try to refinance" but had not "been successful . . . because of the high interest rate" and the burden of the $20,000 payment. Wife said she was "ready to sell" but argued that requiring her to split the equity from the sale would be unfair because she gave her "best effort" to refinance and Husband never appeared during divorce proceedings.

**¶7** The court denied Husband's request to evenly split the sale proceeds because Wife was the only one who contributed to the mortgage post-Decree. Instead, the court ordered Wife to sell the property within forty-five days and then pay Husband $60,000 from the sale, which the court calculated by requiring that Wife pay $20,000 "for each year that there was a delay[.]"

**¶8** Wife timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶9** Wife argues the court improperly modified the Decree to require her to pay Husband $60,000. Husband did not file an answering brief or request an extension. So we have only Wife's opening brief.

**¶10** "When debatable issues exist and an appellee fails to file an answering brief, we may consider such failure a confession of reversible error." *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014). A debatable issue is a matter that takes "independent research to refute" appellant's position or creates "grave doubt" in the decision. *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915); *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932). We review Wife's arguments and the record to determine whether she raised a debatable issue. *See Stover v. Kesmar*, 84 Ariz. 387, 388 (1958).

**¶11** We review an order after judgment for an abuse of discretion. *In re Marriage of Rojas*, 255 Ariz. 277, 282 ¶ 10 (App. 2023). Arizona law prohibits revoking or modifying the property allocation in a Decree "unless the court finds the existence of conditions that justify the reopening of a judgment[.]" A.R.S. § 25-327(A); *see also Quijada v. Quijada*, 246 Ariz. 217, 220 ¶ 6 (App. 2019) ("[T]he terms of the decree and [domestic relations order] are not subject to post-judgment modification unless the court is satisfied relief is warranted pursuant to Arizona Rule of Family Law Procedure 85(b).").

**¶12** Wife argues that the superior court improperly modified the Decree by increasing the amount owed to Husband from $20,000 to $60,000.

When the court issued its order, the deadline for Wife to pay Husband $20,000 had long since passed, and yet she had not refinanced the property or otherwise paid Husband what he was due. A court has inherent authority to enforce its orders. *See Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 152 ¶ 37 (App. 2009) ("A court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent disobedience of the orders of the Judiciary[.]" (cleaned up)). But the issue here is not whether the court could enforce in some fashion Wife's payment obligation under the Decree; the issue is whether the court could modify Wife's payment amount under the Decree without finding "the existence of conditions that justify the reopening of a judgment[.]" A.R.S. § 25-327(A). That issue is debatable. We therefore treat Husband's failure to file an answering brief as confessing error and vacate that portion of the court's order requiring Wife to pay Husband $60,000, rather than $20,000.

¶13 Because we partially vacate the court's order based on Wife's modification argument, we need not address her due process argument.

## ATTORNEY FEES AND COSTS

¶14 Wife requests attorney fees and costs on appeal pursuant to A.R.S. § 25-324 and Arizona Rule of Civil Appellate Procedure 21 "in the event Husband takes unreasonable positions on appeal." Because it was unreasonable for Husband to take no position on appeal after Wife raised at least one debatable issue in her opening brief, we exercise our discretion to award Wife reasonable attorney fees on appeal and the full amount of her costs on appeal, after she complies with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶15 We vacate the order in part.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR

4